IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KHRISTOPHER TOLLIVER,

           Plaintiff,

v.                                                            CIVIL ACTION NO.  2:21-cv-00011

CITY OF DUNBAR, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the motion to dismiss filed by Defendants City of Dunbar and Officer Lester (collectively "Defendants"). (ECF No. 4.) For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

*I.   BACKGROUND*

This action arises out of an incident where Defendant Officer Lester ("Officer Lester") allegedly injured Plaintiff Khristopher Tolliver ("Plaintiff") during the course of an arrest. According to the Complaint, on or about April 29, 2021, Officer Lester stopped Plaintiff in the parking lot of City National Bank, where Plaintiff was working as a night cleaner. (ECF No. 1 at 2, ¶¶ 6, 9.) Plaintiff claims he "ask[ed] why he had been stopped," but Officer Lester commanded him to "get back in the vehicle[.]" (*Id.* at ¶ 9.) Then, Plaintiff alleges he was "informing Defendant Lester that he [was] just going to work and ha[d] not broken any laws," when Officer Lester "charge[d]," "tackle[d]," "violently assault[ed]," and arrested Plaintiff. (*Id.* at ¶ 10.)

1

After the arrest, Plaintiff was taken to the Dunbar Police Station and charged with Obstructing an Officer. (*Id.* at 3, ¶ 12.) However, Plaintiff asserts that another officer wrote the police report, which did not list Officer Lester as the arresting officer. (*Id.*) Plaintiff alleges this police report states he was stopped for "suspicious activity" because "a vehicle had been seen at the Super 8 Motel," which he contends is not in the vicinity of City National Bank. (*Id.* at ¶ 13). Plaintiff was later informed that "his vehicle had been mistaken for another." (*Id.* at ¶ 14.) As a result of this incident, Plaintiff claims he suffered "a severe wrist injury," several lacerations and bruises, and "severe emotional and mental trauma[.]" (*Id.* at ¶¶ 15, 17.)

Plaintiff's Complaint alleges violations of the West Virginia Constitution, 42 U.S.C. § 1983 civil rights violations, battery, and intentional infliction of emotional distress ("IIED") against Officer Lester. As against Defendant City of Dunbar ("the City"), Plaintiff alleges violations of the West Virginia Constitution, as well as § 1983 municipal liability and negligent hiring, retention, and supervision. On April 15, 2021, Defendants filed the pending Motion to Dismiss. (ECF No. 4.) Plaintiff responded, (ECF No. 9), and Defendants timely replied, (ECF No. 10). As such, this motion is fully briefed and ripe for adjudication.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."

*Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III. DISCUSSION

Plaintiff's Complaint alleges eleven causes of action. Defendants attack all counts in the pending Motion to Dismiss. As an initial matter, Plaintiff agreed to dismiss Count X (racial discrimination), as well as all claims brought under the West Virginia Constitution, other than those brought under Article III, Section 10. (ECF No. 9 at 1, 8.) As such, Count X and all claims brought under Article III, Sections 1, 5, 6, 14 of the West Virginia Constitution are **DISMISSED**. All remaining claims are addressed in turn.

A. *Violations of Article III, Section 10 of the West Virginia Constitution*

Defendants contend that Plaintiff's claim made pursuant to Article III, Section 10 of the West Virginia Constitution must be dismissed because Section 10 does not serve as an adequate vehicle for Plaintiff's excessive force claim. (*See* ECF No. 5 at 5.) In response, Plaintiff cites to

3

*Fields v. Mellinger*, 851 S.E.2d 789 (W. Va. 2020), in which the West Virginia Supreme Court of Appeals ("WVSCA") held that there are no private causes of action for monetary damages arising out of Article III, Section 6 of the West Virginia Constitution. (ECF No. 9 at 2.) Plaintiff argues that *Fields* permits a private cause of action under Article III, Section 10, by reasoning that the WVSCA's analysis "heavily involved 'alternative remedies' for raising these claims instead of creating a new cause of action under [Section] 6." (*Id.*)

Article III, Section 10 of the West Virginia Constitution states, "No person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers." This mirrors the Fourteenth Amendment of the United States Constitution. *Nutter v. Mellinger*, 2020 WL 401790, at *6 (S.D. W. Va. 2020). Thus, the protections afforded to West Virginia citizens under the search and seizure provisions of the West Virginia Constitution "are co-extensive with those provided for in the Fourth and Fourteenth Amendments to the United States Constitution." *State v. Clark*, 752 S.E.2d 907, 920–21 (W. Va. 2013). To that extent, the Supreme Court of the United States has instructed that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original); *see United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997).

This Court has held that "the rule stated in *Graham* and reinforced in *Lanier* applies to state constitutional claims as well—i.e., the protections afforded by substantive due process are at best redundant of those afforded by the more specific provisions of Article III, Section 6." *Cottrell on behalf of Est. of Cottrell v. Stepp*, No. 2:18-CV-01281, 2019 WL 1140198, at *3 (S.D. W. Va.

4

Mar. 12, 2019) (citations omitted). However, the WVSCA subsequently held that "West Virginia does not recognize a private right of action for monetary damages for a violation of Article III, Section 6 of the West Virginia Constitution." *See Fields*, 851 S.E.2d at 789. Thus, the same question is before this Court again: "whether Plaintiff['s] Article III, Section 10 claim can still be considered redundant if Article III, Section 6 is no longer a viable cause of action in West Virginia." *See Cottrell on behalf of Est. of Cottrell v. Stepp*, No. 2:18-CV-01281, 2021 WL 1966830, at *2 (S.D. W. Va. May 17, 2021). This Court has entered an Order of Certification wherein it certified this question to the WVSCA, (*see id.*), and is awaiting an answer.

Accordingly, Defendants' motion is **DENIED WITHOUT PREJUDICE** as it relates to Plaintiff's claim under Article III, Section 10 of the West Virginia Constitution, pending an answer from the WVSCA to this Court's certified question. Once that answer is received, the Court will revisit this Count accordingly.

B. *Count III for Negligent Hiring, Retention, and Supervision*

Count III of the Complaint alleges that (1) the City "failed to exercise reasonable care in the hiring, retention, and/or supervision" of Officer Lester, and (2) the City is "vicariously liable" for Officer Lester's actions. (ECF No. 1 at 6, ¶ 30.) Defendants first argue that Plaintiff has failed to plead sufficient factual allegations to support his claim of negligence against the City.[1] (*See* ECF No. 5 at 7.) Second, Defendants argue that the City cannot be held liable for intentional acts committed by its employees under W. Va. Code § 29-12A-4(c)(2). (*Id.* at 9.)

---

[1] Defendants also assert that the City is entitled to statutory immunity for Plaintiff's negligence claim under W. Va. Code § 29-12A-5(a)(5). (*Id.* at 7-8.) However, this provision of the West Virginia Governmental Tort Claims and Insurance Reform Act, which provides immunity for claims involving "the method of providing police, law enforcement or fire protection," does not extend to claims based on negligent hiring and supervision of an employee. *Woods v. Town of Danville, W. Va.*, 712 F. Supp. 2d 502, 514 (S.D. W. Va. 2010); *Davis v. Milton Police Dep't*, No. CV 3:20-0036, 2020 WL 2341238, at *5 (S.D. W. Va. May 11, 2020) (explaining that this rule is not altered or amended by *Albert v. City of Wheeling*, 792 S.E.2d 628, 632 (W. Va. 2016)); *see also* W. Va. Code. § 29-12A-5(a)(5).

5

Plaintiff responds in a conclusory fashion by stating that his claim is adequately pled and that "the law does not require [him] to show all of the facts and evidence that [he] intends on obtaining during discovery." (ECF No. 9 at 3, 5.) He further argues that Defendants are not entitled to statutory immunity under W. Va. Code § 29-12A-5(b) because Officer Lester's actions "were done with a malicious purpose and in bad faith." (*Id.* at 3.)

To start, Plaintiff has failed to plead sufficient factual allegations to support a claim of negligent hiring, retention, and supervision. A negligent hiring, retention, and supervision claim focuses on an employer's liability for hiring, supervising, or retaining an employee "whom the employer knew, or should have known, posed a risk to third parties." *Radford v. Hammons*, Civ. Action No. 2:14-24854, 2015 WL 738062 at *6–*7 (S.D. W. Va. Feb. 20, 2015). The analysis focuses on whether (1) the employer (a) was on notice of the employee's propensity, (b) yet unreasonably failed to take action, and (2) a third-party was harmed from the employee's tortious conduct. *Id.* at *7; *see also Woods*, 712 F.Supp.2d at 514–15.

Here, Plaintiff has not alleged any facts from which the Court can reasonably infer that the City was on notice of Officer Lester's propensity or how it unreasonably failed to take action, either through training or other disciplinary measures. *See Westfall v. Osborne*, No. 2:20-CV-00118, 2020 WL 6276145, at *6 (S.D. W. Va. Oct. 26, 2020) (finding that plaintiff's claim was insufficient when arguing that "discovery will show" the defendant's negligent hiring, training, and retention); *cf. Rhodes v. King*, Civ. Action No. 2:19-cv-00626, 2020 WL 4607323 at *5 (S.D. W. Va. Aug. 11, 2020) (finding that plaintiff sufficiently pled a claim when alleging three specific incidents of defendant's use of excessive force and a failure to act by county sheriff despite receiving complaints). In fact, Plaintiff has not pled sufficient factual allegations to even

6

demonstrate a propensity for tortious conduct by *any* officer. *See, e.g.*, *Myers v. City of Charleston*, 2:19-cv-00757, 2020 WL 4195005 at *14 (S.D. W. Va. July 21, 2020). Further, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Thus, Plaintiff does not get to avail himself to discovery without providing more than conclusory allegations.

Further, the City is entitled to statutory immunity for any alleged intentional acts under W. Va. Code § 29-12A-(b)(1). *See Fisher v. Morrison*, No. 2:13-CV-31140, 2014 WL 4418196, at *3 (S.D.W. Va. Sept. 8, 2014) (citing *Tofi v. Napier*, 2:10–CV–01121, 2011 WL 3862118, at *3 (S.D.W.Va. Aug. 31, 2011). Although Plaintiff argues that the City is not entitled to immunity under W. Va. Code § 29-12A-5(b)(2), (*see* ECF No. 9 at 3), this subsection relates to employee immunity and is thus inapplicable in determining the City's immunity.

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's claims for negligent hiring, training, and supervision and/or vicarious liability against the City is **GRANTED**.

C. *Count IV for Negligence*

Defendants also argue that Plaintiff's negligence claim against Officer Lester must be dismissed because it is based on alleged intentional acts. (ECF No. 5 at 10.) In response, Plaintiff tries to reason that, although Officer Lester "was acting intentionally . . . some of the acts performed by [Officer Lester] were not intended to harm the Plaintiff, but breached a duty of care the Defendants owe the Plaintiff, and therefore Defendant Lester committed both intentional acts and negligence." (ECF No. 9 at 4.)

It is well-established that intentional acts cannot form the basis of a claim for negligence. *Smith v. Lusk*, 533 F. App'x 280, 284 (4th Cir. 2013) (citations omitted); *Weigle v. Pifer*, 139 F.

Supp. 3d 760, 780 (S.D. W. Va. 2015) ("A mere allegation of negligence does not turn an intentional tort into negligent conduct.") (citations omitted). Thus, "[c]onduct that supports a negligence claim can be distinguished from conduct that supports an intentional tort claim by examining the subjective intent of the alleged tortfeasor." *Weigle*, 139 F. Supp. 3d at 780. Specifically, "[i]ntentional torts . . . generally require that the actor intend 'the consequences of an act,' not simply 'the act itself.'" *Id.* (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 62, (1998)). Thus, there is "a distinction between negligence, including gross negligence, and wilful, wanton, and reckless misconduct." *Mandolidis v. Elkins Indus., Inc.*, 246 S.E.2d 907, 913-14 (W. Va. 1978) (superseded by statute on other grounds); *see also City of Charleston, W. Virginia v. Joint Comm'n*, 473 F. Supp. 3d 596, 626 (S.D. W. Va. 2020) (collecting cases).

At no point does the Complaint allege that Officer Lester negligently injured Plaintiff. Further, Count IV specifically alleges that Officer Lester's actions were "willful and wanton, malicious, and in blatant and intentional disregard of Plaintiff's rights[.]" (ECF No. 1 at 6, ¶ 35.) Such characterizations clearly charge that Officer Lester intended to violate Plaintiff's rights. Thus, although Plaintiff alleges that Officer Lester violated a duty, (*see id.* at ¶ 34), the subjective intent pleaded does not support a claim of negligence.

Accordingly, Defendants' motion to dismiss Plaintiff's negligence claim against Officer Lester is **GRANTED**.

D. *Count VI for Intentional Infliction of Emotional Distress*

Defendants contend that Count VI should be dismissed because Officer Lester "merely tackled Plaintiff," which they argue is too "mild" of conduct to support a claim for IIED. (*See* ECF No. 5 at 12.) However, at the motion to dismiss stage, Plaintiff only needs to present

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Complaint alleges that Officer Lester charged, tackled, and violently assaulted Plaintiff without provocation. (*See* ECF No. 1 at 2 ¶¶ 9, 10.) Viewing these allegations as true and in the light most favorable to Plaintiff, Plaintiff's allegations are sufficient to state a claim for IIED. *See Honaker v. Town of Sophia*, 184 F. Supp. 3d 319, 328 (S.D. W. Va. 2016) ("[E]motional distress is a natural and certain result of an unjust physical attack by a police officer, particularly when accompanied by the vindictive filing of criminal charges.").

Accordingly, Defendants' Motion to Dismiss is **DENIED** as it pertains to Count VI.

E. *Qualified Immunity*

Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Rish v. Johnson*, 131 F.3d 1092, 1095 (4th Cir. 1997). The purpose of qualified immunity is to ensure that government officials performing discretionary functions can perform their duties "free from the specter of endless and debilitating lawsuits." *Torchinsky v. Siwinski*, 942 F.2d 257, 260 (4th Cir. 1991) (citing *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). Thus, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

While a defendant may assert a qualified immunity defense through a Rule 12(b)(6) motion, "the defense faces a formidable hurdle" and "is usually not successful." *Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 396 (4th Cir. 2014) (internal citations omitted). This is because, at this very early stage in the proceedings, dismissal under Rule

12(b)(6) is only appropriate if the plaintiff "fails to state a claim that is *plausible* on its face." *Id.* at 396 (quoting *Iqbal*, 556 U.S. at 678) (emphasis in original). When a defendant asserts the qualified immunity defense at this stage, the plaintiff's burden is to demonstrate that his § 1983 claim "satisfies the following two-prong test: '(1) the allegations underlying the claim, if true, substantiate a violation of a federal statutory or constitutional right; and (2) this violation was of a clearly established right of which a reasonable person would have known.'" *Souk v. City of Mount Hope*, Civ. Action No. 2:14-cv-26442, 2015 WL 5698509 at *5 (S.D. W. Va. Sep. 28, 2015) (quoting *Occupy Columbia v. Haley*, 738 F.3d 107, 118 (4th Cir. 2013)).

In this case, Defendants argue Officer Lester cannot be liable under Count VII for excessive force or Count VIII for unlawful seizure because he is immune from liability under the doctrine of qualified immunity. (ECF No. 5 at 13.) Defendants contend that "Plaintiff has failed to allege . . . (1) that there was a violation of clearly established law at the time of the incident and (2) that the facts demonstrate a constitutional violation." (*Id.*) The Court disagrees.

1. <u>Constitutional Violation</u>

The Complaint states claims for excessive force and unlawful seizure in violation of the Fourth Amendment. (ECF No. 1 at 8-9.) A seizure is unreasonable under the Fourth Amendment if it is not based on probable cause. *Dunaway v. New York*, 442 U.S. 200, 213 (1979). "Probable cause is determined by a 'totality-of-the-circumstances' approach." *Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017) (citing *Illinois v. Gates*, 462 U.S. 213, 230 (1983)). The inquiry "turns on two factors: 'the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct.'" *Id.* (quoting *Graham v. Gagnon*, 831 F.3d 176, 184 (4th Cir. 2016)). While courts look to the information available to the officer on the

scene at the time, an objective test is applied to determine whether a reasonably prudent officer with that information would have thought that probable cause existed for the arrest. *Gragnon*, 831 F.3d at 185. Evidence sufficient to secure a conviction is not required, but probable cause exists only if there is sufficient evidence on which a reasonable officer at the time could have believed that probable cause existed for the arrest. *Wong Sun v. United States*, 371 U.S. 471, 479 (1963).

Because the probable cause inquiry is informed by the "contours of the offense" at issue, the Court looks to West Virginia Code § 61-5-17(a)—the offense for which Plaintiff was arrested. *See Hupp v. Cook*, 931 F.3d 307, 318 (4th Cir. 2019) (internal citations omitted). Interpreting this statute, the WVSCA has held that a person is guilty of obstruction when she "check[s] or hamper[s] the action of the officer," does "something which hinders or prevents or tends to prevent the performance of [the officer's] legal duty," or acts in "direct or indirect opposition or resistance to the lawful discharge of [the officer's] official duty." *State v. Johnson*, 59 S.E.2d 485, 487 (W. Va. 1950). As the WVSCA has explained, the State must show "forcible or illegal conduct that interferes with a police officer's discharge of official duties." *State v. Davis*, 735 S.E.2d 570, 573 (W. Va. 2012) (quoting *State v. Carney*, 663 S.E.2d 606, 611 (W. Va. 2008)). Importantly, "when done in an orderly manner, merely questioning or remonstrating with an officer while he or she is performing his or her duty, does not ordinarily constitute the offense of obstructing an officer." *State v. Srnsky*, 582 S.E.2d 859, 867 (W. Va. 2003) (quoting *State ex rel. Wilmoth v. Gustke*, 373 S.E.2d 484, 486 (W. Va. 1988)); *cf. Davis*, 483 S.E.2d at 87 (W. Va. 1996) (holding that certain "threats, language, and menacing demeanor" can constitute obstruction).

11

In this case, Plaintiff has alleged sufficient facts from which the Court can reasonably infer that Officer Lester lacked probable cause to arrest Plaintiff. The Complaint alleges that Plaintiff was stopped for "suspicious activity" because a vehicle had been seen at the Super 8 Motel. (ECF No. 1 at 3, ¶ 13.) Plaintiff claims that Officer Lester instructed him to "get back in the vehicle," (*id.* at ¶ 9), which he did not. However, Plaintiff asserts he was only asking why he had been stopped and informing Officer Lester that he was going to work and had not broken any laws before being arrested. (*Id.* ¶ 10.) Assuming Plaintiff had not done anything illegal, did not use force, and was merely talking to Officer Lester, as pled, the Court finds that Plaintiff's allegations are sufficient to state a claim for unlawful seizure under the Fourth Amendment. *See Hupp*, 931 F.3d at 320 (refusing to find that a reasonable officer would have believed that probable cause existed for obstruction when a defendant "approached him in 'an aggressive manner,'" failed to comply with orders, and was verbally noncompliant).

Similarly, the Complaint permits a reasonable inference that Officer Lester used excessive force in effecting Plaintiff's arrest. When evaluating a claim for excessive force, the court must consider whether the police officer's actions were "'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." *Smith v. Ray*, 781 F.3d 95, 101 (4th Cir. 2015) (quoting *Graham*, 490 U.S. at 397). Factors to be considered include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. The court can also consider "the extent of the plaintiff's injuries" and "any lack of probable cause for the arrest[.]" *Hupp*, 931 F.3d at 322 (citing *Graham*). Ultimately, the Court must decide "whether the totality of the circumstances

justifie[d] a particular sort of . . . seizure." *Smith*, 781 F.3d at 101 (omission in original) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8–9 (1985)).

Here, Plaintiff asserts that Officer Lester charged at, tackled, and violently assaulted him without provocation. (ECF No. 1 at 2, ¶ 10.) It can be reasonably inferred that tackling and violently assaulting a suspect by an officer involved force. Further, the factors call into question the reasonableness of the use of force against Plaintiff. First, the severity of the misdemeanor of obstruction is slight. *Hupp*, 931 F.3d at 322. Second, as discussed above, the facts alleged in the Complaint allow a reasonable inference that Officer Lester lacked probable cause to arrest Plaintiff. Thus, assuming Plaintiff was compliant and did not attempt to flee or resist arrest, as pled, the Court finds that Plaintiff's allegations are sufficient to state a claim for excessive force under the Fourth Amendment.

    2. Clearly Established

"To prove that a clearly established right has been infringed upon, a plaintiff . . . must make a 'particularized showing' that a 'reasonable official would understand that what he is doing violated that right' or that 'in the light of preexisting law the unlawfulness' of the action was 'apparent.'" *Hutchison v. City of Huntington*, 479 S.E.2d 649, 659 n.11 (W. Va. 1996) (quoting *Anderson*, 483 U.S. at 640). In determining whether a right was clearly established at the time of the claimed violation, "courts in this circuit [ordinarily] need not look beyond the decisions of the Supreme Court, this court of appeals, and the highest court of the state in which the case arose[.]" *Edwards v. City of Goldsboro*, 178 F.3d 231, 251 (4th Cir.1999) (internal citations omitted); *see also Ray v. Roane*, 948 F.3d 222, 229 (4th Cir. 2020).

Here, the conduct alleged, if proven, would violate clearly established constitutional rights. First, "[i]f a person is arrested when no reasonable officer could believe . . . that probable cause exists to arrest that person, a violation of a clearly established Fourth Amendment right to be arrested only upon probable cause ensues." *Rogers v. Pendleton*, 249 F.3d 279, 290 (4th Cir. 2001) (citation omitted). Second, the law at the time of Officer Lester's conduct makes clear that in April 2021, "a police officer's unprovoked tackling of a nonthreatening, nonresisting misdemeanor suspect to effect his arrest violates the Fourth Amendment." *Barfield v. Kershaw Cty. Sheriff's Off.*, 638 F. App'x 196, 203–04 (4th Cir. 2016) (reasoning that the "objectively unreasonable application of force, combined with the weakness of the *Graham* factors, puts the 'constitutional question beyond debate'"); *see also Rowland v. Perry*, 41 F.3d 167, 172–74 (4th Cir. 1994) (rejecting qualified immunity where officer, unprovoked, attacked nonfleeing, nondangerous misdemeanor suspect to subdue him).

Accordingly, Defendants' Motion to Dismiss is **DENIED** as it relates to Counts VII and VIII against Officer Lester.[2]

### F. Count V for Battery

Defendants argue that Plaintiff's claim for battery against Officer Lester must be dismissed because Officer Lester was privileged to use force against Plaintiff during the arrest. (ECF No. 5 at 11.) However, as Defendants acknowledge, "that privilege is not absolute." *Weigle*, 139 F. Supp. 3d at 776. Rather, "force that would otherwise constitute battery is not privileged if that force is excessive." *Id.* (citing Restatement (Second) of Torts, § 132). As discussed above,

---

[2] The Court does not make any determinations as to (1) whether Officer Lester's arrest was unlawful or (2) whether Officer Lester's force was excessive. The finding that Officer Lester is not entitled to qualified immunity at this stage of litigation does not preclude a finding at a later stage that he lawfully arrested Plaintiff or that he used reasonable force.

14

Plaintiff's allegations are sufficient to state a claim for excessive force under the Fourth Amendment.

Accordingly, Defendants' Motion to Dismiss is **DENIED** as it pertains to Count V.

G. *Count IX for Municipal Liability Under 42 U.S.C. § 1983*

Defendants contend that Count IX must be dismissed because Plaintiff "failed to allege *any* facts in support of his municipal liability claim[.]" (ECF No. 5 at 15.) Specifically, Defendants contend that there are no facts alleged that would demonstrate that (1) a custom or policy existed, (2) the City knew or should have known of such policy, or (3) such a policy caused a deprivation of his constitutional rights. (*Id.*) In response, Plaintiff argues the Complaint "puts Defendants on notice of a claims [sic] against them relating to the custom of adding on an obstruction charge" and, again, asserts he will have the necessary facts after discovery. (ECF No. 9 at 7.)

However, to withstand a motion to dismiss, the complaint must "identify" the municipal "policy or custom" that resulted in the alleged violation of the plaintiff's rights. *Walker v. Prince George's Cty.*, 575 F.3d 426, 431 (4th Cir. 2009) (citations omitted). The Complaint alleges that the City had a pattern, policy or custom of "using obstruction as a charge when no facts support it as a charge." (ECF No. 1 at 10, ¶ 56.) This was based on the City's alleged "failure to adequately train, supervise, and discipline officers," which Plaintiff claims amounted to deliberate indifference. (*Id.* at ¶¶ 58-59.) Nevertheless, as discussed above, Plaintiff has failed to state a claim for negligent hiring, retention, and supervision. Further, the remainder of Count IX only offers formulaic recitations of relevant rules. (*See id.* at 10.) Thus, after separating the legal conclusions from the factual allegations, *Iqbal*, 556 U.S. at 678, Plaintiff has failed to sufficiently

15

plead a municipal liability claim. Accordingly, Defendants' motion to dismiss Plaintiff's municipal liability claim is **GRANTED**.

### H. Count XI for Fraudulent Conduct under 42 U.S.C. § 1983

Count XI alleges that "Lester has a past history of fraudulent conduct resulting in fraudulent affidavits and police reports." (ECF No. 1 at 11, ¶ 67.) Defendants argue that Count XI must be dismissed because Plaintiff only offered one fact in support, which Defendants contend is "demonstrably false." (ECF No. 5 at 16.) The proffered fact in question is that another officer processed Plaintiff's arrest and wrote the police report "so that this incident could not be connected to Defendant Lester." (ECF No. 1 at 12, ¶ 68.) However, the Field Case Report[3] names Officer Lester as the "reporting officer." (ECF No. 5-1.) Therefore, no factual basis supports Plaintiff's claim for fraudulent conduct against Officer Lester

Accordingly, Defendants' motion to dismiss Plaintiff's fraudulent conduct claim against Officer Lester is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss. (ECF No. 4.) The Court **GRANTS** the motion and **DISMISSES WITH PREJUDICE** Counts III, IV, IX, X, and XI, as well as all claims brought under Article III, Sections 1, 5, 6, 14 of the West Virginia Constitution. The Court **DENIES WITHOUT PREJUDICE** Defendants' motion, as it relates to Article III, Section 10 of the West

---

[3] Under the Federal Rules of Civil Procedure, including an exhibit to a motion to dismiss may convert the motion into a motion for summary judgment. *See* Fed. Civ. P. 12(b)(6). However, an exception to this rule exists when including as an exhibit a document that "was integral to and explicitly relied on in the complaint" and the plaintiff does not challenge its authenticity. *See Am. Chiropractice Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

Virginia Constitution. The Court further **DENIES** Defendants' motion as it pertains to Counts V-VIII.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 1, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE